UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AIDOO AWUDU,

                                    Plaintiff,

                v.                                                          9:25-CV-1605
                                                                           (AMN/CBF)
ZECCA, et al.,

                                    Defendants.

_____

APPEARANCES:

AIDOO AWUDU
Plaintiff, pro se
**Last known Address**
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

HON. LETITIA JAMES                                    OLIVIA R. COX, ESQ.
New York State Attorney General                      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

ANNE M. NARDACCI
United States District Judge

### DECISION and ORDER

Plaintiff Aidoo Awudu commenced this civil rights action in the Northern District of New York in November 2025.  Dkt. No. 1, Complaint ("Compl."); Dkt. No. 2, In Forma Pauperis ("IFP") Application; Dkt. No. 3, Inmate Authorization Form.

On November 21, 2025, the case was administratively closed because plaintiff failed to properly commence it.  Dkt. No. 4, Administrative Closure Order.  Plaintiff was given thirty (30) days to either (1) pay the full statutory filing fee or (2) submit a completed and signed

1

Inmate Authorization Form consenting to payment of the filing fee over time.  *Id.* at 2.[1] Plaintiff timely filed a properly executed Inmate Authorization Form and Trust Fund Account Statement.  Dkt. Nos. 5 & 6.  Consequently, the case was restored to the Court's active docket.  Dkt. No. 7, Text Order (reopening the case).

By Order entered on January 28, 2026, the Court granted plaintiff's application to proceed IFP.  Dkt. No. 8, Decision and Order ("January Order").  Plaintiff was also expressly advised in the January Order as follows: "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; the failure to do so will result in the dismissal of his action**[.]"  *Id.* at 13 (emphasis in the original).

On February 13, 2026, the Court issued an Order advising plaintiff that his case had been reassigned from Magistrate Judge Dancks to Magistrate Judge Freedman for all further proceedings.  Dkt. No. 12, Text Order.  The Order was returned to the Court as undeliverable and indicated that the "[i]nmate [m]oved."  Dkt. No. 13 at 1.

On March 18, 2026, counsel for defendant requested a court conference to determine whether plaintiff intended to further prosecute the case.  Dkt. No. 18.  Specifically, counsel reported that "[u]pon information and belief, [p]laintiff was released from the custody of the New York State Department of Corrections and Community Supervision [("DOCCS")] on February 17, 2026, to parole supervision.  However, [p]laintiff has not yet filed a notice of change of address with the Court since his release."  *Id.* at 1.  Consequently, there was no current address on the docket for defendant to serve plaintiff with its response papers.  *Id.*

---

[1]  The total cost for filing a civil action in this Court is $405.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $55.00).  Although a party (including an inmate-plaintiff) granted in forma pauperis status is not required to pay the $55.00 administrative fee; a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  *See* 28 U.S.C. § 1915(b)(1).

The following day, the Court denied the request without prejudice.  Dkt. No. 19, Text Order.  Plaintiff was "directed to file a change of address and statement with the Court by [April 8, 2026,] indicating his interest in continuing to pursue the action."  *Id.*  Plaintiff was warned that "failure to respond to this directive may result in sanctions including, but not limited to, dismissal of the action for failure to prosecute and failure to follow Court orders and directives."  *Id.*  On April 22, 2026, the Order was returned to the Court as undeliverable.  Dkt. No. 20.  The Court notes that the envelope with the Order had been forwarded to Wende Correctional Facility and a handwritten notation on the outside of the envelope indicated that plaintiff was "[r]eleased to immigration," and there was "no forward[ing address.]"  *Id.* at 1.

According to the public website maintained by DOCCS, plaintiff was released from DOCCS custody, on parole, to U.S. Immigration on February 17, 2026.  *See* http://nysdoccslookup.doccs.ny.gov (search "Awudu, Aidoo" and DIN "24R1780") (last visited June 22, 2026); *see also Shannon v. Venettozzi,* 749 F. App'x 10, 13 (2d Cir. 2018) (taking judicial notice of information contained in DOCCS records);  *Perez v. Lilly,* No. 1:17-CV-4222, 2018 WL 3768528, at *1 (S.D.N.Y. Aug. 8, 2018) (explaining that the court can take judicial notice of information found on the official DOCCS inmate lookup service website).

However, the Online Detainee Locator System maintained by the United States Department of Immigration and Customs Enforcement ("ICE") does not show any individuals named Aidoo Awudu in ICE custody. *See* https://locator.ice.gov/odls/#/index (last visited June 22, 2026).

In sum, as of the date of this Order, plaintiff has not complied with the Court's Orders, nor has he communicated with the Court in any manner regarding this action since December 18, 2025.

In relevant part, Rule 10.1(c)(2) of the Local Rules of Practice of the Northern District states that "**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**"  N.D.N.Y.L.R. 10.1(c)(2) (emphasis in original).[2]  Indeed, this notification is essential to the orderly disposition of cases.  As previously noted in this District:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (*quoting Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court.  FED. R. CIV. P. 41(B); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[3]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a

---

[2]  Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y.L.R. 41.2(b).

[3]  It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  In evaluating whether a court should exercise such power, it must consider: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, plaintiff has not communicated with the Court since refiling his Inmate Authorization Form in December 2025.  Further, despite receiving notification of his obligation to update his address in the January Order, plaintiff has failed to contact the Court since his release in February of this year.  Under the Local Rules of Practice for this District, "[i]n the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  N.D.N.Y. L.R. 41.2(a).  Thus, the first factor weighs in favor of dismissal.

With respect to the second factor, as previously noted, in the January Order plaintiff was informed of his obligation to update his address any time he moved and warned that "the failure to do so will result in the dismissal of his action[.]"  January Order at 13.  The January Order was not returned to the Court as undeliverable.  Second Circuit "precedent makes clear . . . that where the record shows that a properly addressed piece of mail was placed in the care of the Postal Service, that piece of mail is presumed to have been delivered."  *Dunn*

*v. Albany Medical College*, 445 F. App'x 431, 432 (2s Cir. 2011) (citing *Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990) & *O'Rourke v. United States*, 587 F.3d 537, 541 n.4 (2d. Cir. 2009)) (quotation marks omitted).  Therefore, the Court can safely presume that plaintiff received the Order, as well as information about his obligations and consequences for failing to act accordingly.

The Court also provided plaintiff with a second warning and an additional period of time to comply with his obligations in its March Order, Dkt. No. 19; however, it appears that plaintiff was already in immigration custody at that point, so he did not receive the information.  This Court has done its best to provide plaintiff with both warnings and multiple opportunities to comply with the Local and Federal Rules; however, the attempts were unsuccessful.  Because, at this time, the "Court has no current address for plaintiff[], any attempt to further warn plaintiff[] of [his] responsibilities or the consequences of [his] continued failure to prosecute this action would be futile."  *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989); *see also Ramadan v. Niagara County*, No. 6:12-CV-6425, 2014 WL 2865093, at *4 (W.D.N.Y. June 24, 2014) (citations omitted) (same).  Thus, the second factor also weights in favor of dismissal.

The third factor – prejudice to defendants – also weighs in favor of dismissal because the significant delay in attempting to locate plaintiff to determine whether he wants to continue prosecuting this action will very likely affect the parties' ability to locate witnesses and preserve evidence.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("[P]rejudice to defendants resulting from unreasonable delay may be presumed"); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (collecting cases)).  In sum,

plaintiff's failure to comply with the Court's orders and update his address is effectively foreclosing defendant's efforts to defend the lawsuit.

In addition, the Court must alleviate congestion on its docket, and "[i]t is the need to monitor and manage cases such as this that delay the resolution of other cases, and . . . contribute to the Second Circuit's relatively long median time to disposition for such civil cases." *Coleman*, 2016 WL 770058, at *2; *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (citation omitted) ("Although [the plaintiff's] failure to prosecute is a 'silent' failure," as opposed to one that is "vexatious and burdensome[,]" "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case. Furthermore, his 'failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim."). Thus, the fourth factor weighs in favor of dismissal.

Finally, with respect to the fifth factor, because plaintiff is indigent, practically speaking, there are no less drastic sanctions than dismissal that would adequately address plaintiff's delay in attempting to prosecute this action. "The inability of the Court and [defendant's] counsel to communicate with [plaintiff] means that the matter will remain pending indefinitely without the possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless." *Ramadan*, 2014 WL 2865093, at *4 (internal quotation marks omitted) (citing cases). Thus, this factor also favors dismissal.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice** due to plaintiff's failure to comply with Court orders and prosecute his case; the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: <u>June 23, 2026</u>
      Albany, NY

Anne M. Nardacci
U.S. District Judge